Larry Welch Director Kansas Bureau of Investigation 1620 Tyler Topeka, Kansas 66612
Dear Director Welch:
You request our opinion regarding the public disclosure of juvenile offender records maintained by the Kansas bureau of investigation. Specifically, you ask us to interpret two provisions of the Kansas juvenile offenders code, K.S.A. 1994 Supp. 38-1608(c) and K.S.A. 38-1618(e). Both statutes restrict the disclosure of certain records concerning juveniles, defined for purposes of the code as persons who are at least ten but not yet eighteen years old. See K.S.A. 1994 Supp. 38-1602(a). You seek an interpretation of these two statutes for the purpose of obtaining guidance as to the bureau's responsibilities for disseminating juvenile offender information.
We begin our analysis with the general premise of the Kansas open records act, K.S.A. 45-215 et seq. Public records in Kansas are open for inspection by anyone, unless disclosure is specifically prohibited or restricted by federal law, state statute, or Kansas supreme court rule, or the responsible public agency exercises specific legal authority to prohibit or restrict disclosure. K.S.A. 45-216(a); K.S.A. 1994 Supp. 45-221(a)(1); see Attorney General Opinion No. 87-25. A public record is broadly defined as "any recorded information, regardless of form or characteristic, which is made, maintained or kept by or is in the possession of any public agency. . . ." K.S.A. 1994 Supp. 45-217(f)(1). The Kansas bureau of investigation is a "public agency" for purposes of the open records act. See K.S.A. 1994 Supp. 45-217(e)(1). Therefore, records maintained by the bureau pertaining to juveniles are public records, although there may be closure authority for some of those records.
Your inquiry concerns two distinct provisions of the Kansas juvenile offenders code, K.S.A. 38-1601 et seq., both of which impose specific restrictions on the disclosure of information concerning juveniles. Because the statutes pertain to the same subject matter they are considered to be in pari materia, and must therefore be construed together and harmonized if possible in order to give effect to both. See Guardian Title Co. v. Bell,248 Kan. 146, 151 (1991); Claflin v. Walsh, 212 Kan. 1, 8 (1973).
As a general rule, the juvenile offenders code prohibits law enforcement agencies from disclosing records concerning the commission or alleged commission of a public offense by a juvenile under age 16. See K.S.A. 1994 Supp. 38-1608(a); see also K.S.A. 1994 Supp. 38-1608(b) (statute does not apply to offenses for which juvenile is prosecuted as an adult). However, the statute lists several specific exceptions to the general rule of non-disclosure:
 "(a) All records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile under 16 years of age shall be kept readily distinguishable from criminal and other records and shall not be disclosed to anyone except:
 "1) The judge and members of the court staff designated by the judge of a court having the juvenile before it in any proceedings;
"(2) parties to the proceedings and their attorneys;
"(3) the department of social and rehabilitation services;
 "(4) any individual, or any officer of a public or private agency or institution, having custody of the juvenile under court order or providing educational, medical or mental health services to the juvenile or a court-approved advocate for the juvenile;
 "(5) law enforcement officers or county or district attorneys or their staff when necessary for the discharge of their official duties;
 "(6) the central repository, as defined by K.S.A. 22-4701 and amendments thereto, for use only as a part of the juvenile offender information system established under K.S.A. 38-1618 and amendments thereto;
 "(7) any other person when authorized by a court order, subject to any conditions imposed by the order; and
"(8) as provided in subsection (c)." (Emphasis added.)
Subsection (c) of K.S.A. 1994 Supp. 38-1608, one of the provisions about which you specifically inquire, reads in relevant part as follows:
 "(c) All records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile 14 or more years of age shall be subject to the same disclosure restrictions as the records of adults."
Read in light of the Kansas open records act and the general rule of nondisclosure set forth in subsection (a) for juveniles under age 16, we interpret subsection (c) to mean that information maintained by law enforcement officers and agencies concerning offenses committed or alleged to have been committed by juveniles age 14 and older must be open to public inspection, except to the extent that disclosure of such records for adults is otherwise specifically restricted by statute or regulation. We note that subsection (c) is consistent with K.S.A. 1994 Supp. 38-1607(a), which provides that the official court file in a case involving an alleged juvenile offender, including the complaint setting forth the offense charged, must be open for public inspection if the juvenile was 14 or older when the offense was allegedly committed.
In contrast to the general provisions of the juvenile offender code governing the disclosure of juvenile information by courts and law enforcement agencies, K.S.A. 38-1618(a) imposes specific responsibilities on the Kansas bureau of investigation to maintain a juvenile offender information system as part of the criminal justice information system central repository. See K.S.A. 1994 Supp. 22-4701(a) (defining "central repository"). The juvenile offender information system serves as the repository of a wide variety of information collected and supplied by juvenile justice agencies. See K.S.A. 38-1617(e) (reportable events). "Juvenile offender information" expressly includes the offenses committed or alleged to have been committed by juveniles in proceedings under the juvenile offenders code. K.S.A. 38-1617(c). The term "juvenile justice agency" is very broadly defined to include not only local prosecutors and state and local law enforcement agencies, but also state or municipal courts, state or county administrative agencies, and state youth correctional facilities.See K.S.A. 38-1617(d).
The purpose of the juvenile offender information system is to provide an accurate source of general information to the executive, legislative, and judicial branches of state government regarding the operation of the juvenile justice system. See
K.S.A. 38-1618(a). The legislative history of the statute establishing the system reveals that it was the outcome of a recommendation of the advisory commission on juvenile offender programs. Minutes, House Judiciary Committee, March 22, 1983 (testimony of Senator Nancy Parrish, then chairman of the advisory commission). The commission was concerned that statewide information then available concerning juveniles was insufficient to generate accurate and meaningful statistics concerning the disposition of juvenile offenders. The commission's recommendation to establish a system of statewide juvenile information to be maintained by the bureau included strict limitations on the dissemination of the information, comparable to the statutory limitations imposed on the district court's "social file." Id.; see K.S.A. 38-1607(c) (information received by the court other than the official file is privileged and open to inspection only by parties' attorneys or upon court order).
To this end, K.S.A. 38-1618(e) as originally enacted read as follows:
 "Juvenile offender information maintained in the juvenile offender information system is confidential and shall not be disseminated or publicly disclosed in a manner which enables identification of any individual who is a subject of the information, except that the information shall be open to inspection by county and district attorneys, by attorneys for the parties to a proceeding under [the juvenile offenders] code or upon order of a judge of the district court or an appellate court." L. 1983, ch. 140, sec. 36(e).
Since its original enactment, the statute has been amended to extend the right of inspection to certain agencies and institutions under specified circumstances, but as a general rule the information in the system remains confidential. See K.S.A.38-1618(e) (Furse 1993).
As you know, the juvenile offender information system, as part of the central repository, K.S.A. 38-1618(a), is under the administrative control of the bureau. See K.S.A. 1994 Supp.22-4701(a); 22-4704. See generally K.S.A. 75-712 (vesting bureau with responsibility for collecting, classifying, and preserving crime records). The director of the bureau has the statutory authority to adopt rules and regulations to implement, administer, and enforce the statute establishing the system. K.S.A.38-1618(h). We note that the bureau has not exercised its authority to adopt regulations specifically addressing the dissemination of information in the juvenile offender information system. Therefore, the only restrictions on disclosure of information in the system are those set forth in the statute itself. The statute clearly provides that the information in the system pertaining to an identified juvenile is not accessible by the general public absent an order of a state or district judge.See K.S.A. 38-1618(e).
We note that K.S.A. 1994 Supp. 38-1608(c) provides that offense information concerning juveniles age 14 or over is subject to the same restrictions on disclosure as apply to the records of adults. K.S.A. 22-4707, as amended by L. 1995, ch. 251, sec. 18, places strict limitations on the dissemination of criminal history record information pertaining to adults. Specifically, K.S.A. 22-4707(a) prohibits the dissemination of such information except in strict compliance with the laws, including rules and regulations adopted pursuant to K.S.A. 22-4701 et seq. Further, the statute provides that a criminal justice agency may not request such information from either the central repository or another criminal justice agency unless it has a legitimate need for the information.
As you know, the director has the authority to issue rules and regulations governing the dissemination of criminal history information. See K.S.A. 1994 Supp. 22-4704(c). The bureau has adopted such rules and regulations applicable to criminal justice agencies, a term defined in K.S.A. 1994 Supp. 22-4701(c) to include only agencies with substantial responsibility for criminal
matters. These regulations permit, but do not require, a criminal justice agency to provide any conviction information in its possession to any individual upon written request, if the request fully identifies the individual in question. K.A.R. 10-12-1; Attorney General Opinion No. 94-9; see K.S.A. 1994 Supp.22-4707(b) (permitting noncriminal justice persons and agencies to receive criminal history information only as provided by law, including rules and regulations). Similarly, non-conviction information may be provided by a criminal justice agency, but only to (1) other criminal justice agencies, (2) persons authorized by court order or subpoena, or (3) federal agencies for authorized investigative purposes. K.A.R. 10-12-2.
We note that a "conviction" is not one of the results of proceedings undertaken pursuant to the juvenile offender code. If the court finds that a juvenile committed the acts constituting the alleged offense or an included offense, the result is an "adjudication" as a juvenile offender, rather than a criminal conviction. See K.S.A. 38-1655, as amended by L. 1995, ch. 251, sec. 31. Consequently, the bureau's regulations pertaining to the disclosure of information on adults do not authorize public access to information in the juvenile offender information system, because the system does not include any information regarding "convictions."
Even if K.S.A. 1994 Supp. 38-1608(c) were to permit disclosure of juvenile information in a particular case that would not otherwise be subject to disclosure under K.S.A. 38-1618, we think the latter statute controls. K.S.A. 1994 Supp. 38-1608(a)(7) explicitly provides that information of law enforcement agencies concerning juveniles under age 16 may be disclosed to the central repository, "for use only as a part of the juvenile offender information system." (Emphasis added.) We think this language indicates that K.S.A. 1994 Supp. 38-1608 was intended to apply generally to law enforcement agencies, as distinguished from the more specific statutes dealing with the bureau's reponsibility for the central registry, including the juvenile offender information system. When a conflict exists between a statute dealing generally with a subject and another dealing specifically with a particular aspect of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. Hudgensv. CNA/Continental Casualty Co., 252 Kan. 478, 482 (1993); In reC.C., 19 Kan. App. 2d 906, 908 (1994), review denied. We do not interpret the 1994 amendment to the juvenile offenders code to alter the bureau's specific statutory responsibility for controlling the dissemination of information in the juvenile offender information system. Instead, it appears that the legislature simply intended to ensure public access to offense information maintained by district and municipal courts and local law enforcement agencies with regard to juveniles age 14 and older charged under the juvenile offenders code.
In summary, both K.S.A. 1994 Supp. 38-1308(c) and K.S.A.38-1618(e) apply to the Kansas bureau of investigation in administering the juvenile offender information system. To the extent the two statutes conflict as applied to a particular factual situation, K.S.A. 38-1618 controls since it is the more specific of the statutes with respect to the bureau's statutory responsibilities. K.S.A. 38-1618(e) generally prohibits the disclosure of such information in a manner that enables the identification of the juvenile. Unless a request for access to such information falls under one of the exceptions set forth in that statute, the bureau may not disclose information from the system pertaining to any juvenile, including those age 14 and older.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:jm